IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY: | | |
| COMPANY OF AMERICA | : | |
| Plaintiff, | : | |
| | : | NO. |
| vs. | : | |
| | : | |
| TOKIO MARINE SPECIALTY | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Property Casualty Company of America ("Travelers") by and through counsel, Michael J. McLaughlin of Reid & Associates, hereby files its Complaint for Declaratory Judgment against Defendant, Tokio Marine Specialty Insurance Company ("Tokio"), averring as follows:

## INTRODUCTION

1.      This complaint is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

2.      In this action, Travelers seeks a declaration that Tokio is obligated to defend, reimburse, and indemnify Travelers' insured, Makarios-PA – PA, LLC ("Makarios-PA") in connection with an underlying bodily injury action, brought by Calvin Antoniolo (the "Claimant"). That action, entitled *Calvin Antoniolo vs Makarios-PA – PA, LLC et al..,* Case Number 002267, was brought in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania ("Underlying Action").

3.      Travelers is a Connecticut corporation with a principal place of business in

Hartford, Connecticut and engaged in the business of issuing insurance policies in this Commonwealth.

4.    Tokio is a Delaware corporation, organized and existing under the laws of Delaware with principal place of business in Pennsylvania and is engaged in the business of issuing policies of liability in this Commonwealth.

5.    At all times relevant hereto, Defendant Tokio regularly conducted business in Philadelphia County, Pennsylvania.

6.    In the Underlying Action, the Claimant seeks relief for serious, painful and permanent injuries, internally and externally to his body, shoulders, arms, hands, wrists, fingers and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were sliced, herniated, wrenched, bruised, and otherwise injured, including but not limited to right thumb dorsal radial sensory nerve laceration requiring surgery, right thumb abductor pollicis longus laceration, zone 4 laceration, loss of sensation in the right hand.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the amount in controversy exceeds $75,000, exclusive of interest and costs including both those defense costs that Travelers has incurred and will continue to incur in the defense of the Underlying Action as well as indemnity.

8.    This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to this action occurred in this district.

## BACKGROUND FACTS

10.     At all times relevant herein, Makarios-PA owned the premises located at 1525 Sansom St., Philadelphia, PA, 19103, which property was the subject of the Underlying Action, described below.

11.     Makarios-PA entered into an Amended and Restated Management Agreement with SSH Management, LLC, ("SSH"), effective June 4, 2015, whereby SSH was the property manager of the premises located at 1525 Sansom St., Philadelphia, PA, 19103 (the "Leased Premises"), which property was the subject of the Underlying Action. A true and correct copy of the Amended and Restated Management Agreement is attached hereto as Exhibit "A".

12.     At all times relevant herein, Harp & Crown, Restaurant Group, LLC. ("Harp & Crown") entered into a Lease Agreement with Makarios-PA, effective July 2015, whereby Harp & Crown will be the tenant of the Leased Premises. A true and correct copy of the Lease Agreement is attached hereto as Exhibit "B".

13.     Under Section 17.1 Insurance of the Lease Agreement, states "…. Such liability insurance shall name the Landlord and any mortgagee of Landlord as additional insureds…".

14.     Tokio issued a policy of commercial liability insurance bearing policy number PPK1717837 with effective dates of 10/1/2017 to 10/1/2018 to Harp & Crown (the "Tokio Policy").

15.     The Tokio Policy gives Makarios-PA additional insured status as to liability arising out of the use of that part of the premises leased to Harp & Crown.

16.     Travelers issued a policy of commercial general liability insurance, bearing policy number YJ630-5004C508, to Makarios-PA, effective April 1, 2018 to April 1, 2019 (the "Travelers Policy").

**UNDERLYING SUIT**

3

17.     The Claimant filed an Amended Complaint against Makarios-PA LLC, Russ Kelly & Associates, SSH Real Estate, Seligsohn Soens and Hess Co., Schulson Collective LLC, Eagle "I" Electrical, Inc., and John Doe, in the Underlying Action. A true and correct copy of the Complaint is attached hereto as Exhibit "C".

18.     The Amended Complaint alleges that on or about September 7, 2018, Plaintiff was on the Leased Premises as a business invitee and cook of Harp & Crown, when he came into contact with an irregularity, defect, sharp piece of metal, electrical outlet wall plate, razor sharp outlet cover/plate, extremely sharp cover, slicing hazard, defective wall with a dangerous outlet, unsafe cooking area, and/or dangerous condition which caused Plaintiff to be sliced, cut and injured and sustained severe and permanent injuries. *See* Exhibit "C" at ¶¶13.

19.     Travelers has expended money and will continue to incur additional expenses in connection with the defense of Makarios-PA in the Underlying Action which includes but is not limited to attorneys' fees, costs, and expenses.

## <u>TENDER TO PHILADELPHIA</u>

20.     On or about January 9, 2019, Travelers, on behalf of Makarios-PA, tendered the defense and indemnity of the Underlying Action to Harp & Crown.  A true and correct copy of the tender letter is attached hereto as Exhibit "D".

21.     On or about August 3, 2020, Travelers sent a follow up letter requesting the status on the tender request.  A true and correct copy of the letter is attached hereto as Exhibit "E".

22.     On or about November 9, 2020, Travelers sent a second follow up letter requesting the status of the original tender request that was sent on January 9, 2019.  A true and correct copy of the letter is attached hereto as Exhibit "F".

23.     On or about January 5, 202, Tokio denied the tender request citing policy

endorsement CG 2011 0413 which gives Makarios PA additional insured status "but only with respect to liability arising out of the … use of that part of the premises leased to you."  A true and correct copy of the tender denial is attached hereto as Exhibit "G.

## DECLARATORY JUDGMENT

24.     Accordingly, Travelers seeks a declaration that Tokio has an obligation to defend and indemnify Makarios-PA; that the coverage provided by the Tokio Policy is primary; and that the obligations of Travelers to Makarios-PA in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Tokio Policy.

25.     In addition, Travelers seeks an award at law and in equity against Tokio for recovery of all sums Travelers has incurred and continues to incur in the defense of Makarios-PA in the Underlying Action because the coverages provided by the Tokio Policy are primary to any coverage provided by Travelers.

## CLAIM FOR DECLARATORY RELIEF

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1.     Declaring that the Tokio Policy was in full force and effect on the date of the alleged accident.

2.     Declaring that all terms and conditions of the Tokio Policy have been complied with and met.

3.     Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Tokio Policy.

4.     Declaring that Defendant Tokio owes a duty to defend Makarios-PA in connection with the Underlying Action.

5.     Declaring that Defendant Tokio owes a duty to indemnify Makarios-PA in connection with the Underlying Action.

6.     Declaring that Defendant Tokio's coverage obligations in connection with the Underlying Action are primary.

7.     Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Tokio with respect to the Underlying Action.

8.     Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Tokio with respect to Tokio's duty to defend and to indemnify in connection with the Underlying Action.

9.     Granting an award in favor of Plaintiff Travelers against Defendant Tokio for all sums Travelers has paid in defending the Underlying Action.

10.     Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
         October 25, 2021

RESPECTFULLY SUBMITTED:

REID & ASSOCIATES

By:     /s/ Michael J. McLaughlin_____
Michael J. McLaughlin
Tel: 917.778.6680
Fax: 844.571.3789
Email: mjmclaug@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
10 Sentry Parkway, Suite 300
Blue Bell, PA 19422

*Attorneys for Plaintiff, Travelers Property Casualty*
*Company of America*